UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BLUEFIELD

PRINCETON COMMUNITY HOSPITAL
ASSOCIATION, INC.,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:19-cv-00265

NUANCE COMMUNICATIONS, INC.,

    Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nuance Communications, Inc. ("Nuance") removes to this Court the state court action described in Paragraph No. 1 below:

### The Removed Case

1. The removed case is a civil action filed in the Circuit Court of Mercer County, West Virginia, assigned Civil Action No. 19-C-59, and styled *Princeton Community Hospital Association, Inc., Plaintiff, v. Nuance Communications, Inc., Defendant.*

### Papers from the Removed Action

2. As required by 28 U.S.C. § 1446(a), attached as Exhibit 1 is a certified copy of the Mercer County, West Virginia, Circuit Court Docket Sheet, which includes copies of all process, pleadings, and orders served upon Nuance in the removed action. No further proceedings have occurred in state court.

### The Removal is Timely

3. Nuance, through its counsel, was served with the Summons and Complaint on 13 March 2019. This Notice of Removal is filed within 30 days of Nuance's

receipt of the Complaint and less than one (1) year after the commencement of the action and is therefore timely under 28 U.S.C. § 1446.

### The Venue Requirement is Met

4. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the state court action was pending.

### The Basis for Federal Jurisdiction

5. This is a civil action that falls within this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. The diversity of citizenship provision has been interpreted to require "complete diversity of citizenship." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

6. Plaintiff Princeton Community Hospital Association, Inc. ("Plaintiff") is a West Virginia non-profit organization with its place of business at 122 12th Street, Princeton, West Virginia. *See* Compl. at ¶ 5.

7. Nuance is a corporation. "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis in original); *Cent. W. Va. Energy Co., Inc. v. Mtn. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The Supreme Court of the United States held that:

> "'principal place of business'" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice *it should normally be the place where the corporation maintains its headquarters*—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board

>meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 1192 (emphasis added).

8. Nuance was incorporated in Delaware and its principal place of business under the "nerve center" test is in Massachusetts. Nuance maintains its worldwide corporate headquarters in Burlington, Massachusetts. Further, Nuance's Burlington, Massachusetts, office hosts all of its upper level officers. *Id.* As explained in *Hertz*, the applicable "nerve center" test assesses a corporation's principal place of business based on the place from which its "officers direct, control, and coordinate the corporation's activities." *Hertz*, 130 S. Ct. at 1192. In this case, Nuance's Chief Executive Officer, Chief Financial Officer, Executive Vice President – Corporate Transformation, Chief Legal Officer, Chief Revenue Officer, Chief Human Resources Officer, Chief Technology Officer, Executive Vice President and General Manager – Automotive Division, Executive Vice President and General Manager – Enterprise Division, Senior Vice President – Corporate Development, Senior Vice President – Corporate Marketing and Communications, and Chief Information Officer are all resident in its corporate headquarters in Burlington, Massachusetts.

9. Because Plaintiff is a citizen of West Virginia and Nuance is a citizen of Delaware and Massachusetts, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**Ad Damnum Clause/Damage Claim**

10. Plaintiff's Complaint seeks judgment against Nuance for direct and consequential damages of $6.8 million (net of insurer payments). *See* Compl. ¶ 87.

11. Nuance must show by a preponderance of the evidence that the monetary value of the relief sought in the complaint exceeds $75,000.00, exclusive of interest and costs. *Scaralto v. Ferrell*, 826 F.Supp.2d 960, 963 (S.D. W. Va. 2011); *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 489 (S.D. W. Va. 2001). Based on the allegations in the Complaint, it is clear

that the amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs.

    12. Because complete diversity exists and the amount in controversy exceeds $75,000.00, original jurisdiction exists in federal district court under 28 U.S.C. § 1332.

    13. The state court action may be removed to this Court by Nuance in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of West Virginia; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### Stipulation to Respond to the Complaint

    14. On 13 March 2019, the parties stipulated that Nuance's deadline to respond to the Complaint was extended to 13 May 2019. *See* Stipulation Pursuant to W. Va. R. Civ. P. 6(b). Federal courts have noted that "[w]hen a case is removed the federal court takes it as though everything done in state court had in fact been done in the federal court." *See, e.g., Munsey v. Testworth Lab., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955) (quoting *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937)). Because Nuance and Plaintiff stipulated to the extension of when Nuance must respond to Plaintiff's Complaint until 13 May 2019 in state court, it applies as if done in federal court.

### Filing of Removal Papers

    15. Pursuant to 28 § 1446(d), promptly after filing this Notice of Removal, Nuance will file a copy of this Notice with the Clerk of the Circuit Court of Mercer County, West Virginia, and serve a copy of this Notice upon Plaintiff's counsel.

    **WHEREFORE**, this action is removed from the Circuit Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia at Bluefield, pursuant to applicable sections of the United States Code. Please take notice that no further proceedings may be had in the Circuit Court of Mercer County, West Virginia.

Respectfully submitted,

**NUANCE COMMUNICATIONS, INC.**

**BY COUNSEL:**

/s/ A. L. Emch
Alvin L. Emch (WVSB# 1125)
Gretchen M. Callas (WVSB# 7136)
William J. Aubel (WVSB# 13097)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, WV 25322-0553
(304) 340-1000
aemch@jacksonkelly.com
gcallas@jacksonkelly.com
william.j.aubel@jacksonkelly.com

David C. Lashway (*pro hac vice*)
Jennifer B. Seale (*pro hac vice*)
John W. Woods (*pro hac vice*)
BAKER & MCKENZIE LLP
815 Connecticut Avenue, NW
Washington, DC 20006
(202) 452-7000
david.lashway@bakermckenzie.com
jennifer.seale@bakermckenzie.com
john.woods@bakermckenzie.com

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BLUEFIELD**

**PRINCETON COMMUNITY HOSPITAL
ASSOCIATION, INC.,**

      **Plaintiff,**

v.                                            **CIVIL ACTION NO.** 1:19-cv-00265

**NUNACE COMMUNICATIONS, INC.,**

      **Defendant.**

**CERTIFICATE OF SERVICE**

      I, A. L. Emch, counsel for Defendant Nuance Communications, Inc., do hereby certify that I electronically filed the foregoing ***NOTICE OF REMOVAL*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Larry J. Rector, Esquire<br>Steptoe & Johnson PLLC<br>400 White Oaks Boulevard<br>Bridgeport, West Virginia 26330<br>(304) 933-8151<br>larry.rector@steptoe-johnson.com<br>*Counsel for Plaintiff* | Gary Thompson, Esquire (mot. for admission *pro hac vice to be submitted*)<br>Kristin C. Davis, Esquire (mot. for admission *pro hac vice to be submitted*)<br>Thompson Hammerman Davis LLP<br>1015 15th St. NW, Ste 600<br>Washington, DC 20005<br>(202) 256-9910<br>gthompson@thompsonhd.com<br>kdavis@thompsonhd.com<br>*Co-Counsel for Plaintiff* |

      On this 11th day of April, 2019.

4811-6962-0883.v3

                                      /s/ A. L. Emch
                                      Alvin L. Emch (WVSB# 1125)
Gretchen M. Callas (WVSB# 7136)
William J. Aubel (WVSB# 13097)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, WV 25322-0553
(304) 340-1000
aemch@jacksonkelly.com
gcallas@jacksonkelly.com
william.j.aubel@jacksonkelly.com

David C. Lashway (*pro hac vice*)
Jennifer B. Seale (*pro hac vice*)
John W. Woods (*pro hac vice*)
BAKER & MCKENZIE LLP
815 Connecticut Avenue, NW
Washington, DC 20006
(202) 452-7000
david.lashway@bakermckenzie.com
jennifer.seale@bakermckenzie.com
john.woods@bakermckenzie.com

4811-6962-0883.v3