```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

PRINCETON COMMUNITY HOSPITAL
ASSOCIATION, INC.,

    Plaintiff,

v.                               CIVIL ACTION NO. 1:19-00265

NUANCE COMMUNICATIONS, INC.,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff's motion to remand. (ECF No. 6). For the reasons that follow, that motion is **DENIED**.

### I. Background

This civil action arises out of a data breach that occurred on June 27, 2017. See Complaint ¶ 1. Plaintiff Princeton Community Hospital Association, Inc. ("PCH") alleges that software from defendant Nuance Communications, Inc. ("Nuance") was integrated into PCH's hospital computer network. See id. at ¶ 2. According to PCH, the "Nuance system was infected by malicious malware that embedded and destroyed all data. Shortly thereafter, the same malicious malware encrypted PCH's entire computer health network and destroyed all data content." Id. at ¶ 3. PCH contends that Nuance is responsible for PCH's total damages in the amount of approximately $6.8 million, net of payments from PCH's insurers. See id. at ¶ 4. The complaint alleges breach of contract and negligence on the part of Nuance. See id. at ¶¶ 75-86.

Nuance removed the case to this court on the basis of diversity jurisdiction. There is no dispute that complete diversity exists or that the amount in controversy exceeds $75,000. In seeking remand, however, PCH contends that the Healthcare Master Agreement ("Master Agreement") entered into between PCH and Nuance waives Nuance's right to remove this case to federal court. Nuance, of course, disagrees.

The contract language at issue provides:

> **Governing Law.** This Agreement shall be governed by the laws of the State of West Virginia, USA, without regard to choice of law rules, and Company hereby submits to the jurisdiction of the federal and state courts located in said State and the applicable service of process.

Master Agreement § 14.5 (hereinafter referred to as the "Forum Selection Clause"). Company is defined in the Master Agreement on page 1 as PCH. According to PCH, because it filed this case in West Virginia state court, Nuance must submit to, or stay in, the jurisdiction selected by PCH.

## II. Analysis

> As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed.2d 513 (1972). This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive. See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650-51 (4th Cir. 2010). A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere. Id.

BAE Sys. Tech. Solution & Services, Inc. v. Republic of Korea's Defense Acquisition Program Admin., 884 F. 3d 463, 470 (4th Cir. 2018).

A party may waive its right to remove an otherwise removable case through a forum selection clause. See Bartels v. Saber Healthcare Grp., Inc., 880 F.3d 668, 679 (4th Cir. 2018); FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 755 (4th Cir. 2010); see also Abbington SPE, LLC v. U.S. Bank, National Assoc., 698 F. App'x 750, 751 (4th Cir. Oct. 12, 2017) ("A defendant, however, may waive the right to remove an action to federal court in a valid forum-selection clause."). "[G]iven the manner in which a forum-selection clause operates in the removal context, . . . the plaintiff must bear the burden of demonstrating that the defendant waived its right to remove an otherwise removable case by agreeing to a forum-selection clause." Bartels, 880 F.3d at 681.

"In analyzing the applicability of forum selection clauses, we use general principles of contract interpretation." Martin v. Ball, 326 F. App'x 191, 194 (4th Cir. June 12, 2009).

Turning to the contract language in the Master Agreement, the court concludes that Nuance has not waived its right to remove this case to federal court. First, the operative language of the agreement requires PCH to submit to the jurisdiction of the federal and state courts located in West Virginia; it says

3

nothing about Nuance.  Second, the language cannot reasonably be interpreted to waive Nuance's right to remove this case to federal court.  The cases that plaintiff cites to suggest otherwise rely on different language than the forum selection clause herein.  This is important because waiver must turn on the specific language used.

PCH's reliance on an opinion from the United States District Court for the Eastern District of Virginia which stated that "[e]ven where the language of a contract provision does not explicitly list both parties, the provision can be enforced against all parties to the contract" is misplaced.  <u>Gerschick v. ECPI College of Tech., L.C.</u>, ACTION NO. 2:09-cv-271, 2009 WL 10689485, *2 (E.D. Va. Aug. 6, 2009).  In <u>Gerschick</u>, the operative contract language obligated the employee to "irrevocably submit[ ] to the jurisdiction of the Circuit Court of the City of Norfolk."  <u>Id.</u>  Clearly, this was a mandatory forum selection clause.  In this case, there is no such clause because the parties were not bound to try their disputes in a specific court.  Furthermore, even if this court were to follow <u>Gerschick</u> and find the forum selection clause herein binds Nuance, it still would not defeat Nuance's right to removal.  The forum selection clause in this case merely limits disputes to the jurisdiction of the federal and state courts located in West

Virginia of which this court is one.  Finally, the <u>Gerschick</u> decision is not binding on this court.

Nor is the court persuaded by plaintiff's argument that the clause herein is a hybrid forum selection clause which waived Nuance's right to remove this case to federal court.  See <u>Ocwen Orlando Holdings v. Harvard Property Trust</u>, 526 F.3d 1379 (11th Cir. 2008).  In <u>Ocwen</u>, a case discussing the contours of a hybrid forum selection clause, the clause at issue provided:

> SELLER AND PURCHASER, WAIVE ANY OBJECTION TO THE VENUE OF ANY ACTION FILED IN ANY COURT SITUATED IN THE JURISDICTION IN WHICH THE PROPERTY IS LOCATED AND WAIVE ANY RIGHT TO TRANSFER ANY SUCH ACTION FILED IN ANY COURT TO ANY OTHER COURT.

<u>Id.</u> at 1381.  As the court explained,

> [W]e found that although the contract at issue permissively authorized suit in one forum, the forum became "mandatory" as to the [parties sued] because it requires an absolute submission by them to the jurisdiction of whichever of these fora [the suing party] chooses.
>
> The forum selection clause at issue here is likewise one such hybrid clause.  The first portion of it is permissive.  A party need not sue in Orange County, Florida, but if a suit is initiated there, the defendant's consent to venue in Orange County is contractually provided.  The second portion, however, waives the parties' rights to "transfer" the suit, when filed, to "any other court."

<u>Id.</u> (internal citations and quotations omitted).  The forum selection clause in this case is not a hybrid one that bars Nuance's right to remove this case to this court.

Plaintiff has not demonstrated that Nuance waived its right to remove an otherwise removable case. For all these reasons, plaintiff's motion to remand is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO **ORDERED** this the 31st day of March, 2020

ENTER:

David A. Faber
Senior United States District Judge